**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 17, 2023

LETTER TO PARTIES

RE:     *Gloriana F. v. Kilolo Kijakazi, Acting Commissioner, Social Security
        Administration*
        Civil No. 22-0952-SAG (consolidated with Member Case No. 22-1344-SAG)

Dear Plaintiff and Counsel:

On April 9, 2021, Plaintiff Gloriana F., proceeding *pro se*, filed a complaint in the District
Court of Maryland for Prince George's County against the Social Security Administration ("SSA"
or "Defendant") challenging the SSA's denial of benefits. ECF 1-3. The case was removed to
this Court and later consolidated with *Gloriana F. v. Kijakazi*, Civil No. 22-1344. *See* ECFs 1 and 14.
The matter is now ripe for disposition.[1] I have considered the record in this case, Plaintiff's
correspondence, construed as a motion for summary judgment, and the SSA's motion for summary
judgment. ECFs 16, 23, 27. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).
This Court must uphold the decision of the SSA if it is supported by substantial evidence and if
the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*,
76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant
Defendant's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. §
405(g). This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on July 14, 2017, alleging a disability
onset date of July 14, 2017. Tr. 206–15. Her claim was denied initially and on reconsideration.
Tr. 113–17, 120–22. On August 12, 2020, an Administrative Law Judge ("ALJ") held a hearing.
Tr. 62–80. Following the hearing, the ALJ determined that Plaintiff was not disabled within the
meaning of the Social Security Act during the relevant time frame. Tr. 32–55. The Appeals
Council denied Plaintiff's request for review, Tr. 2–6, so the ALJ's decision constitutes the final,
reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R.
§ 422.210(a).

---

[1] On March 27, 2023, I dismissed these cases for failure to prosecute pursuant to Fed. R. Civ. P.
41(b) on the basis that Plaintiff had failed to timely file a motion for summary judgment as directed
by December 12, 2022. ECFs 21 and 22. On April 5, 2023, after Plaintiff filed a letter with the
Court explaining that she had emailed her motion for summary judgment to opposing counsel on
November 9, 2022, I reopened the cases. ECF 24.

*Gloriana F. v. Kijakazi*
Civil No. 22-0952-SAG (consolidated with Member Case No. 22-1344-SAG)
August 17, 2023
Page 2

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings). For the reasons described below, the ALJ's decision applied the correct legal standards, and the conclusions are supported by substantial evidence.

Before reviewing the ALJ's decision in Plaintiff's case, it is worth explaining that the standard of review in any Social Security appeals case is couched in federal statute and case law. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As explained by the Fourth Circuit:

> Under the Social Security Act, [the court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). The issue before us, therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Coffman*, 829 F.2d at 517.

*Craig*, 76 F.3d at 589. In other words, a court does not review the evidence afresh; rather, it reviews the decision of the ALJ and evaluates whether the ALJ's decision is supported by the record. *See Theresa S. v. Saul*, Civ. No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. Jan. 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*, "or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner").

Plaintiff argues that:

*Gloriana F. v. Kijakazi*
Civil No. 22-0952-SAG (consolidated with Member Case No. 22-1344-SAG)
August 17, 2023
Page 3

> I cannot work a standard 9-5 job. I cannot engage with large groups of strange people on a daily basis, or at all for that matter. I have anxiety attacks and hear voices and then I have loud outbursts because I believe that undue and unnecessary pressure is being placed upon me. I have tried to get jobs that does not require much labor or interaction with people, and the mental stress was too much for me to bear.

ECF 23-1, at 5 ¶ 5. A review of the ALJ's decision, however, makes clear that the ALJ considered these allegations, properly evaluated Plaintiff's medical records, and proceeded in accordance with applicable law. *See* 20 C.F.R. § 416.920(a) (describing the SSA's five-step sequential evaluation for determining disability). First, the ALJ ruled in Plaintiff's favor at step one, determining that Plaintiff had not engaged in substantial gainful activity since her application date. Tr. 35; *see* 20 C.F.R. § 416.920(a)(4)(i).

At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented her from working, finding Plaintiff's "left knee degenerative changes; sickle cell disease; a mental impairment variously diagnosed as rule-out bipolar disorder, history of substance abuse, depression, depressive disorder, major depressive disorder, alcohol use disorder, and schizoaffective disorder; obesity; and lower extremity neuropathy" to be severe and finding Plaintiff's contact dermatitis, hypertension, fibroids, and insect bite to be non-severe. Tr. 35–36; *see* 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 36; *see* 20 C.F.R. § 416.920(a)(4)(iii). In order to meet the requirements of a listed impairment, a claimant must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays*, 907 F.2d at 1456–58. The ALJ considered Plaintiff's severe physical impairments of "left knee degenerative changes," sickle cell disease, and lower extremity neuropathy, considered Listings 1.00 (musculoskeletal disorders), 1.02 (major dysfunction of a joint(s) (due to any cause)),[2] 7.05 (hemolytic anemias, including sickle cell disease, thalassemia, and their variants), and 11.14 (peripheral neuropathy), but ultimately concluded that none were applicable to Plaintiff's physical conditions. Tr. 35–37. The ALJ considered Plaintiff's obesity in combination with other impairments as directed by Social Security Ruling ("SSR") 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019). The ALJ also considered Plaintiff's severe mental impairments at this step. Tr. 37–39. The ALJ determined that Plaintiff could not satisfy all the elements for Listing 12.04 because she could not meet the criteria for either "paragraph B" or "paragraph C." *Id.* Under the paragraph B criteria, the ALJ determined that Plaintiff had mild limitations in understanding, remembering, or applying information and adapting or managing oneself. *Id.* In interacting with others and concentrating, persisting, or maintaining pace, the ALJ determined that Plaintiff had moderate limitations. Tr. 37–38.

---

[2] Listing 1.02 was in effect at the time of the ALJ's opinion. As of April 2, 2021, Listing 1.02 was deleted and replaced by Listing 1.18. *See* 85 Fed. Reg. 78164, 78164 (Dec. 3, 2020).

*Gloriana F. v. Kijakazi*
Civil No. 22-0952-SAG (consolidated with Member Case No. 22-1344-SAG)
August 17, 2023
Page 4

Before continuing to step four, the ALJ evaluated Plaintiff's residual functional capacity ("RFC") by assessing the extent to which her impairments limited her ability to work. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ concluded that, despite her impairments, Plaintiff maintained the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, and occasionally climb ramps, stairs, ladders, ropes and scaffolds, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to hazards (machinery, heights, etc.). She is limited to performing simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 39.

When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a claimant's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996); *see also* 20 C.F.R. §§ 416.929, 416.945. The ALJ began the RFC assessment by thoroughly summarizing Plaintiff's hearing testimony, medical records, and the medical opinions in the record. Tr. 39–53. The ALJ considered Plaintiff's allegations of debilitation as a result of her impairments. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Tr. 40, but found that her testimony as to the intensity, persistence, and limiting effects of her symptoms "not supported by the objective medical records and . . . therefore, not persuasive," Tr. 50. *See Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints). Further, the ALJ provided a thorough explanation of the credibility finding pertaining both to Plaintiff's physical and mental impairments. Tr. 50–51.

The ALJ considered Plaintiff's "ability to engage in many activities of daily living" and explained how these activities do not support the level of debilitation alleged. Tr. 51–52. The ALJ then considered the medical opinions of four state agency consultants. Tr. 52–53. The two psychological consultants found Plaintiff's mental impairments nonexistent or non-severe. *Id.* The ALJ found both opinions not persuasive, finding Plaintiff more limited than the consultants had opined. *Id.* The ALJ found both state agency consultants' opinions related to Plaintiff's physical impairments to be persuasive. *Id.* The ALJ's evaluation of all these opinions comported with the requirements of 20 C.F.R. § 416.920c.

*Gloriana F. v. Kijakazi*
Civil No. 22-0952-SAG (consolidated with Member Case No. 22-1344-SAG)
August 17, 2023
Page 5

     At steps four and five, the ALJ determined that Plaintiff was unable to perform any past relevant work.  Tr. 53; *see* 20 C.F.R. § 416.920(a)(4)(iv).  However, in accordance with the VE's testimony, the ALJ also determined that a person with Plaintiff's RFC could perform a restricted range of light jobs existing in significant numbers in the national economy, including laundry worker, machine tender, and grader/sorter.  Tr. 54–55; U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 302.685-010, 754.685-014, and 649.687-010 (4th ed. 1991).  Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, the ALJ appropriately concluded that Plaintiff was not disabled under Social Security law.  Tr. 55; *see* 20 C.F.R. § 416.920(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled.").

     Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson*, 402 U.S. at 390.  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *Hays*, 907 F.2d at 1456.  In considering the entire record, and given the evidence outlined above, I find that the ALJ supported the decision with substantial evidence.

     For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 23, is DENIED, the SSA's motion for summary judgment, ECF 27, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

     Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

               Sincerely yours,

                /s/
               Stephanie A. Gallagher
               United States District Judge